This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39339

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

 Petitioner-Appellee,

v.

NICKOLAS C. a/k/a NICOLE C.,

 Respondent-Appellant,

and

HAZEL C. and BRANDON L.,

 Respondents,

IN THE MATTER OF CHAVELA L.,
ELIJAH C., and AVELLANA C.,

 Children.

APPEAL FROM THE DISTRICT COURT OF UNION COUNTY
Melissa A. Kennelly, District Judge

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Musselman and Associates, PC
Elizabeth Ann Musselman
Taos, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}**     Respondent (Father) appeals from the district court's adjudicatory order, asserting that the district court erred by admitting a photograph, purporting to depict an injury on Child's neck, without the proper foundation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In our calendar notice, we suggested the district court did not abuse its discretion by admitting the photograph because a witness testified that she recognized Child and the mark on his neck, and that in any event, Father failed to explain how the admission of the photograph was prejudicial. [CN 3-4] In the memorandum in opposition, Father continues to assert the photograph was improperly admitted, and contends the admission was prejudicial such that reversal of the district court's adjudicatory order is required. We remain convinced that reversal of the district court's order is not warranted. *See Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891 ("[T]he complaining party on appeal must show the erroneous admission . . . of evidence was prejudicial in order to obtain a reversal." (internal quotation marks and citation omitted)).

**{3}**     Although Father asserts the photograph was "pivotal" and "key" to the district court's adjudication of abuse, we disagree. [MIO 9, 16] The district court's order does not contain reference to a photograph, but rather describes Child's multiple injuries seen firsthand by his teacher and the school nurse. [1 RP 178] In addition, the district court's order made additional factual findings, which Father does not contest, including that Child's special needs require that he receives one-on-one supervision at all times; Child was not receiving this supervision at home; Child was chronically going to school with crusted feces on his bottom; Child did not have his walking cane or glasses; the house was in disarray, with feces and maggots observed in the home; and Father left town without ensuring Children were cared for. [1 RP 178-79] Given that there was witness testimony about Child's injuries and ample additional evidence supporting Father's abuse and neglect, we cannot conclude that the admission of a single photograph prejudiced Father such that reversal of the district court's adjudicatory order is required.

**{4}**     Lastly, we note that Father requests that we reassign this case to the general calendar, to allow for review of the complete audio recording and briefing in this case. [MIO 5-6, 16-17] We reject Father's request because it "would serve no purpose other than to allow appellate counsel to pick through the record" and "[i]t has long been

recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error." *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479.

**{5}**     Father has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm the order of the district court.

**{6}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**